04951.00113.378.syw.8092034

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HONOR DAVIS and SHARONE LEWIS DAVIS, h/w | : CIVIL ACTION - LAW |
| v. | : JURY TRIAL DEMANDED |
| HOME DEPOT, U.S.A. INC. d/b/a HOME DEPOT, ESTES EXPRESS LINES CORPORATION, J.B. HUNT TRANSPORT, INC. and BIG E. TRANSPORTATION, LLC | : NO. 12-cv-4078 |

### ANSWER OF DEFENDANTS, ESTES EXPRESS LINES, INC., TO COMPLAINT WITH AFFIRMATIVE DEFENSES, CROSSCLAIMS AND DEMAND FOR JURY TRIAL

(1-3)   Unknown to Answering Defendant and therefore denied subject to proof.

(4)   The averments of this Paragraph are directed to a party other than Answering Defendant and no further response is required.

(5)   The averments of this Paragraph are directed to a party other than Answering Defendant and no further response is required.

(6)   Admitted, although the proper name of Answering Defendant is Estes Express Lines, Inc. (hereinafter "Estes").

(7)   It is admitted for purposes of this action that at the time in question, Estes conducted some portion of its business in Philadelphia and that personal jurisdiction and venue in this matter are not contested.

(8)   The averments of this Paragraph are directed to a party other than Answering Defendant and no further response is required.

(9)   The averments of this Paragraph are directed to a party other than Answering Defendant and no further response is required.

(10) The averments of this Paragraph are directed to a party other than Answering Defendant and no further response is required.

(11) Denied.

(12) Denied. Estes did not own, design, assemble, manufacture, sell or supply any forklift which was being used by the plaintiff at the time of his alleged accident. Investigation is continuing as to the equipment involved and whether said equipment was leased by Estes from Home Depot. However, at the time of the accident, if said equipment was leased by Estes from Home Depot, it was being used by Big E. It is specifically denied that Estes was in the business of selling, distributing or supplying Moffett forklifts or placing them in the stream of commerce.

(13) Denied.

(14) Allegation of general agency is a conclusion of law and this Paragraph of the Complaint fails to specify the identity or conduct of any alleged agents of Estes and therefore no further response beyond general denial is required.

(15) Denied. Further, these allegations do not apply to Defendant, Estes. In the alternative, any negligence by or on behalf of Estes is denied.

(16) No further response required.

(17) Denied. It is denied that the Doctrine of Strict Product Liability applies to Defendant, Estes. Accordingly, this count of the Complaint fails to set forth a claim against Defendant, Estes, upon which Plaintiff can recover. By way of further answer, Answering Defendant denies the allegations of this Paragraph of the Complaint and each sub-paragraph.

(18) Denied. It is denied that these obligations apply to Defendant, Estes, subject to proof, and it is further denied that any such duty was violated, if it applied to Defendant, Estes. The equipment being used by the plaintiff was safe for proper and intended use and was not defective or deficient.

(19)   Denied. It is denied that the Doctrine of Strict Product Liability applies to Defendant, Estes. Accordingly, this count of the Complaint fails to set forth a claim against Defendant, Estes, upon which Plaintiff can recover. By way of further answer, Answering Defendant denies the allegations of this Paragraph of the Complaint and each sub-paragraph.

(20)   Denied. Liability under the Doctrine of Strict Liability has been denied both legally and factually. With regard to the further allegations of this Paragraph of the Complaint, after reasonable investigation, Answering Defendant is without sufficient capacity, knowledge or information to admit these allegations and they are therefore denied subject to proof.

(21)   Denied. Liability under the Doctrine of Strict Liability has been denied both legally and factually. With regard to the further allegations of this Paragraph of the Complaint, after reasonable investigation, Answering Defendant is without sufficient capacity, knowledge or information to admit these allegations and they are therefore denied subject to proof.

(22)   Denied. Liability under the Doctrine of Strict Liability has been denied both legally and factually. With regard to the further allegations of this Paragraph of the Complaint, after reasonable investigation, Answering Defendant is without sufficient capacity, knowledge or information to admit these allegations and they are therefore denied subject to proof.

(23)   Denied. Liability under the Doctrine of Strict Liability has been denied both legally and factually. With regard to the further allegations of this Paragraph of the Complaint, after reasonable investigation, Answering Defendant is without sufficient capacity, knowledge or information to admit these allegations and they are therefore denied subject to proof.

(24)   Denied. Liability under the Doctrine of Strict Liability has been denied both legally and factually. With regard to the further allegations of this Paragraph of the Complaint, after reasonable

investigation, Answering Defendant is without sufficient capacity, knowledge or information to admit these allegations and they are therefore denied subject to proof.

(25) Denied. Liability under the Doctrine of Strict Liability has been denied both legally and factually. With regard to the further allegations of this Paragraph of the Complaint, after reasonable investigation, Answering Defendant is without sufficient capacity, knowledge or information to admit these allegations and they are therefore denied subject to proof.

(26) Denied. Liability under the Doctrine of Strict Liability has been denied both legally and factually. With regard to the further allegations of this Paragraph of the Complaint, after reasonable investigation, Answering Defendant is without sufficient capacity, knowledge or information to admit these allegations and they are therefore denied subject to proof.

(27) Denied. Liability under the Doctrine of Strict Liability has been denied both legally and factually. With regard to the further allegations of this Paragraph of the Complaint, after reasonable investigation, Answering Defendant is without sufficient capacity, knowledge or information to admit these allegations and they are therefore denied subject to proof.

(28) No further response required. By way of further answer, Answering Defendant observes that the heading set forth in the Complaint immediately above Paragraph 28 is apparently erroneous in designating this second count as I – Strict Product Liability.

(29) Denied. Negligence of Defendant, Estes, with regard to any forklift being used by the plaintiff at the time of his accident is denied. To the extent that the forklift was equipment owned by Home Depot and leased to Estes, it was sub-leased to Big E, which would have provided the equipment to the plaintiff for his use. The equipment was not defective or deficient for reasonable and intended use and any accident on the part of the plaintiff was caused by his own negligence, mis-use or improper conduct with regard to the said equipment and safe use of it.

(30) Denied. Negligence of Defendant, Estes, with regard to the equipment allegedly involved has been denied. With regard to the further allegations of this Paragraph of the Complaint, after reasonable investigation, Answering Defendant is without sufficient capacity, knowledge or information to admit these allegations and they are therefore denied subject to proof.

(31) Denied. Negligence of Defendant, Estes, with regard to the equipment allegedly involved has been denied. With regard to the further allegations of this Paragraph of the Complaint, after reasonable investigation, Answering Defendant is without sufficient capacity, knowledge or information to admit these allegations and they are therefore denied subject to proof.

(32) Denied. Negligence of Defendant, Estes, with regard to the equipment allegedly involved has been denied. With regard to the further allegations of this Paragraph of the Complaint, after reasonable investigation, Answering Defendant is without sufficient capacity, knowledge or information to admit these allegations and they are therefore denied subject to proof.

(33) Denied. Negligence of Defendant, Estes, with regard to the equipment allegedly involved has been denied. With regard to the further allegations of this Paragraph of the Complaint, after reasonable investigation, Answering Defendant is without sufficient capacity, knowledge or information to admit these allegations and they are therefore denied subject to proof.

(34) Denied. Negligence of Defendant, Estes, with regard to the equipment allegedly involved has been denied. With regard to the further allegations of this Paragraph of the Complaint, after reasonable investigation, Answering Defendant is without sufficient capacity, knowledge or information to admit these allegations and they are therefore denied subject to proof.

(35) Denied. Negligence of Defendant, Estes, with regard to the equipment allegedly involved has been denied. With regard to the further allegations of this Paragraph of the Complaint, after reasonable

investigation, Answering Defendant is without sufficient capacity, knowledge or information to admit these allegations and they are therefore denied subject to proof.

(36)   Denied. Negligence of Defendant, Estes, with regard to the equipment allegedly involved has been denied. With regard to the further allegations of this Paragraph of the Complaint, after reasonable investigation, Answering Defendant is without sufficient capacity, knowledge or information to admit these allegations and they are therefore denied subject to proof.

(37)   Denied. Negligence of Defendant, Estes, with regard to the equipment allegedly involved has been denied. With regard to the further allegations of this Paragraph of the Complaint, after reasonable investigation, Answering Defendant is without sufficient capacity, knowledge or information to admit these allegations and they are therefore denied subject to proof.

(38)   No further response required.

(39)   Unknown to Answering Defendant and therefore denied subject to proof.

(40)   Denied. Liability of Defendant, Estes, in negligence or strict product liability has been heretofore denied. With regard to the further allegations of this Paragraph of the Complaint, after reasonable investigation, Answering Defendant is without sufficient capacity, knowledge or information to admit these allegations and they are therefore denied subject to proof.

### *AFFIRMATIVE DEFENSES*

(1)   Plaintiffs' Complaint fails to state a claim against Answering Defendant upon which relief can be granted for liability in strict product liability or under Section 402A of the Restatement of the Law of Torts (2d).

(2)   Plaintiffs' Complaint fails to state a claim against Answering Defendant upon which relief can be granted in negligence, and Answering Defendant denies claims alleging a duty of Answering Defendant to the plaintiff which causally relates to damages to the plaintiffs upon which they may recover.

(3) No act or conduct by Answering Defendant or any agent, servant or employee of Answering Defendant, caused the alleged accident or any alleged injury, damage or loss to Plaintiffs.

(4) The equipment identified in the Complaint was not in the possession of Answering Defendant and Answering Defendant did not supply it to the plaintiff, which limits any duties which the Answering Defendant had to the plaintiff accordingly.

(5) The equipment identified in the Complaint was not defective or deficient for reasonable intended use.

(6) The accident in issue was caused by the misuse of the identified equipment by the plaintiff.

(7) The accident in issue, or the injuries, damages or losses claimed by the plaintiffs were caused by the failure of the plaintiff to use proper safety equipment which was available or reasonably required for him to utilize.

(8) The accident claimed was caused by the negligence of the plaintiff in his operation of the equipment identified.

(9) The accident and any damages suffered by the plaintiffs arose from or were caused by or contributed to by the intervening and/or superseding acts and conduct of others over whom Answering Defendant had no control, precluding recovery against Answering Defendant.

(10) Plaintiffs' claims are barred and/or limited by failure to mitigate damages or the consequences of the results thereof.

(11) Plaintiffs have failed to join an indispensible party, the actual manufacturer of the forklift.

(12) The nature, existence, origin, causation, amount, duration and extent of the injuries, damages and losses claimed are at issue and Defendant demands proof of same by each Plaintiff.

(13) Defendant does not waive applicable statutes of limitations upon any of the claims set forth in the Complaint or claims which could have been set forth in the Complaint and which were not and accordingly

7

objects to any attempt to amplify the claims in the Complaint beyond the date of the applicable statute of limitations.

(14) Any recovery of special damages in this matter must be limited or reduced to amounts actually paid or payable.

(15) Any claims against Answering Defendant may be barred in whole or in part by the voluntary assumption of a known risk by the plaintiff.

(16) The accident alleged and any damages resulting from it were caused by the negligence or conduct of others for whom Answering Defendant is not responsible.

(17) If the equipment identified in the Complaint was subject to abuse or mis-use by the plaintiff which caused and/or contributed to the happening of the events in issue, Plaintiff may not recover against Answering Defendant for such abuse or mis-use by him.

(18) The equipment in question complied with all applicable standards, codes and specifications.

(19) Answering Defendant is not a seller or supplier of a product within the contemplation of or as defined under Restatement of Torts Second, §402A for strict liability purposes.

(20) Answering Defendant at all times acted reasonably and properly under circumstances existing and no act or omission by Answering Defendant caused Plaintiff the alleged damages stated.

(21) The plaintiff was a sophisticated user of the equipment in issue or, if he was not properly trained to operate the equipment, he should not have been doing so and the accident was caused by his own actions or failures.

(22) The accident in issue was not the result of negligence on the part of Answering Defendant but was rather the result of the negligence of others, including Plaintiff, or other circumstances beyond the reasonable notice or control of Answering Defendant existing at the time and place of the accident.

(23)     Answering Defendant had no notice, actual or constructive, of any alleged defect or deficiency in the equipment and no reasonable basis for same.

(24)     The claims of the spouse are derivative in nature and to the extent the claims of the injured Plaintiff are barred and/or limited, so too are the claims of the spouse.

(25)     Answering Defendant did not breach any duty owed to the plaintiff.

(26)     The incident alleged in the Complaint may have been caused by and/or contributed to by the plaintiff's knowing, intentional or reckless use or mis-use of the product at issue, which conduct is not *in pari materia* with any conduct of Answering Defendant which is proven to have been a cause of the claimed accident.

(27)     If it is proven that the equipment identified in the Complaint was defective or deficient, Answering Defendant neither knew nor could have known that the equipment presented a foreseeable risk of harm in its normal and expected handling and use by the plaintiff.

(28)     Answering Defendant did not alter or modify the equipment in issue.

### CROSSCLAIMS ADDRESSED TO CO-DEFENDANTS, HOME DEPOT USA, INC. D/B/A HOME DEPOT, J.B. HUNT TRANSPORT, INC. AND BIG E TRANSPORTATION, LLC

(1)     Answering Defendant has denied the allegations of negligence or liability alleged by Plaintiffs against it. However, without admitting the truth of any allegations in the Complaint, and solely for the purpose of setting forth a crossclaim against each Co-Defendant hereto, Answering Defendant refers to and incorporates the allegations of Plaintiffs' Complaint against said Co-Defendants.

(2)     If the allegations of the Complaint against said Co-Defendants are proven, then the accident and any damages which were causally sustained by the plaintiffs, if proven, were caused by the negligence or other liability producing conduct of the Co-Defendants, acting jointly and/or severally, as may be proven in accordance with said allegations of the Complaint.

(3) If Answering Defendant is held liable to the plaintiffs, said liability will have been caused by and/or contributed to by the conduct, negligence or liability of Co-Defendants, Home Depot USA, Inc. d/b/a Home Depot, J.B. Hunt Transport, Inc. and/or Big E Transportation, LLC, for which said Co-Defendants, jointly and/or severally, are liable to Answering Defendant for contribution or indemnity.

(4) To the extent that any liability proven against Answering Defendant is subject to the terms and provisions of contractual agreements among the parties, which would provide to Answering Defendant contractual indemnity, any Co-Defendant subject to such an obligation is liable to Answering Defendant for said indemnity.

### DEMAND FOR JURY TRIAL

Answering Defendant demands trial of all issues to the unanimous verdict of a jury.

*Marshall, Dennehey, Warner,
Coleman & Goggin*

By: _____
*James D. Hilly, Esquire
Attorney for Defendant,
Estes Express Lines, Inc.
1845 Walnut Street – 21st Floor
Philadelphia, PA 19103
(215) 575-2783
E-Mail Address: jdhilly@mdwcg.com*

*Identification No.: 27571*

## CERTIFICATE OF SERVICE

I, **JAMES D. HILLY, ESQUIRE**, Attorney for Defendant, **ESTES EXPRESS LINES, INC.**, hereby certify that a true and correct copy of the **ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL** was served via the Court's electronic filing system and/or by regular mail to all parties listed below on the date set forth below.

John A. Mattiacci, Esquire
**LAW OFFICE OF JOHN T. DOOLEY**
5434 King Avenue @ Route 38 East - Suite 202
Pennsauken, NJ  08109
*Attorney for Plaintiffs, Honor & Sharone Lewis Davis*

Jon Michael Dumont, Esquire
**RAWLE & HENDERSON, LLP**
1339 Chestnut Street
One South Penn Square
The Widener Building - 16th Floor
*Attorney for Defendant, J.B. Hunt Transportation, Inc.*

Robert Grimm, Esquire
**SWARTZ CAMPBELL, LLC**
Two Liberty Place
50 South 16th Street - 28th Floor
Philadelphia, PA  19102
*Attorney for Defendant, Big E. Transportation, Inc.*

Kenneth M. Dubrow, Esquire
**CHARTWELL LAW OFFICES**
1735 Market Street - 29th Floor
Philadelphia, PA  19103
*Attorney for Defendant, Home Depot U.S.A., Inc.*

_____
**JAMES D. HILLY**

Dated: 7/24/12